UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kowalski Companies, Inc., a Michigan corporation, | Civil Action No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Kowalski Companies, Inc., a Minnesota corporation | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Kowalski Companies, Inc., a Michigan corporation, by and through its undersigned attorney, and for its Complaint against Defendant Kowalski Companies, Inc., a Minnesota corporation, states as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement in violation of section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114; unfair competition, false designation of origin, false representation, and false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. §§ 1124 and 1125; trademark infringement and unfair competition under the Minnesota Common Law; violation of the Minnesota Deceptive Trade Practices Act; and for rejection of a trademark application under §2(d) of the Lanham Act, 15 U.S.C. §1052(d).

1

2. This Court has jurisdiction under 15 U.S.C. §§ 1119 and 1121; 28 U.S.C. §§ 1331, 1332(a), 1338, and 1367.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

**PARTIES**

4. Plaintiff Kowalski Companies, Inc. ("Kowalski") is a Michigan corporation having a principal place of business at 2270 Holbrook Avenue, Hamtramck, 48212.

5. Defendant Kowalski Companies, Inc. ("KCI") is, upon information and belief, a Minnesota corporation having a principal place of business at 33 S. Syndicate Street, St. Paul, Minnesota 55105.

**BACKGROUND**

6. Kowalski started shortly after the start of the Twentieth Century in the heart of Detroit, Michigan. In 1920, Kowalski moved to its current location on Holbrook Avenue in Hamtramck, Michigan.

7. Kowalski is currently owned and operated by fourth generation family members. From the start of Kowalski, it has always been owned and operated by the same family.

8. Kowalski applied for its first trademark registration on June 6, 1988 for the word mark "KOWALSKI" for processed meat. The date of first use was claimed as January 1966. The registration number for this trademark is 1,552,132 and it is incontestable.

9. Since the first trademark, Kowalski has applied for several trademark and service mark registrations. Of those, the marks that include the word "Kowalski" are listed in the table below:

| Trademark | Registration or Application No. | Registration Date or Application Date | Goods or services listed |
|---|---|---|---|
| KOWALSKI | 1,552,132 (R) | August 15, 1989 | Processed meat |
| GRANDMA K'S | 1,529,881 (R) | March 14, 1989 | Processed meat, namely ham |
| Kowalski and design | 1,581,756 (R) | February 6, 1990 | Processed meats |
| KOWALITY | 1,700,691 (R) | July 14, 1992 | Processed meats |
| Kowalski and design | 4,025,654 (R) | September 13, 2011 | Processed meats, namely pork and beef |
| KOWALSKI | 86/726,475 (A) | August 17, 2015 | Potato salad and dips, cole slaw, pasta salads, dumplings, prepared horseradish, mustard, and pierogi in the nature of stuffed dumplings. |

10. Kowalski spends tens of thousands of dollars every year advertising its products. Through continuous and substantial advertising, use and promotion of

3

the KOWALSKI marks to date, Kowalski acquired value, name recognition, and goodwill in its marks.

11. Kowalski has been using the KOWALSKI mark in commerce since prior to 1920 and has been in interstate commerce as early as January 1966.

12. Kowalski sells its processed meats and salads in interstate commerce.

13. In 2004, Kowalski began selling hot dogs and beef sticks in the Minneapolis/St. Paul region in Costco Wholesale stores.

14. On information and belief, KCI operated as Kowalski Companies, Inc. since about 1983.

15. On information and belief, KCI owned and operated two grocery stores in the greater Minneapolis/St. Paul region prior to obtaining United States Trademark No. 1,552,132.

16. On information and belief, KCI now owns and operates at least eleven grocery stores in the greater Minneapolis/St. Paul area.

17. On information and belief, KCI owns and operates a website having a root domain name kowalskis.com.

18. On information and belief, KCI has applied for federal service mark registration for "KOWALSKI'S MARKETS" for retail gourmet grocery store services, excluding processed meats. This service mark application was filed on

January 13, 2015 claiming a date of first use in commerce as November 30, 1987, and has been assigned serial number 86/501,918. On December 28, 2016, this trademark application was finally rejected by the United States Patent and Trademark Office based on the examining attorney's belief that the mark "KOWALSKI'S MARKETS" is, *inter alia*, likely to cause confusion in the marketplace with respect to three of Kowalski's prior registrations (1,552,132, 1,581,756 and 4,025,654, listed above).

19. On information and belief, KCI sells processed meats under a trademark that includes the word "Kowalski's" as can be seen when viewing the web page kowalskis.com/signature-products/category/meat-department. A screen shot below is edited to remove products unrelated to this suit in an effort to minimize to size of the photo for purposes of copying it on this complaint. This edited screen shot also has circled the number of times KCI uses the word "Kowalski" as a trademark with processed meat. This screen shot represents the content of the web page as of February 15, 2017.



20. KCI uses the trademarks KOWALSKI'S and KOWALSKI'S MARKETS throughout Kowalski's stores, including on processed meat and salads, as illustrated in the photographs below.





7



21. KCI's use of the trademarks KOWALSKI'S and KOWALSKI'S MARKETS has caused, is continuing to cause, and is likely to cause confusion in the marketplace.

# COUNT I

## FEDERAL TRADEMARK INFRINGEMENT
## UNDER SECTION 32(a) OF THE LANHAM ACT, 15 U.S.C. §1114
## (KOWALSKI'S MARKET)

22. Kowalski realleges by reference the allegations contained in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

23. KCI is using the trademark "KOWALSKI'S MARKETS" in interstate commerce without the consent of Kowalski.

24. KCI's use of the mark "KOWALSKI'S MARKETS" is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of KCI's goods or as to KCI's affiliation, connection, approval or association with Kowalski.

25. KCI's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

26. KCI's trademark infringement has caused and will continue to cause Kowalski to suffer damage to its business, reputation, good will, profits, and the strength of its trademarks, and is causing ongoing irreparable harm to Kowalski for which there is no adequate remedy at law.

27. On information and belief, KCI's infringement of Kowalski's trademark is willful and deliberate.

## COUNT II

## FEDERAL TRADEMARK INFRINGEMENT
## UNDER SECTION 32(a) OF THE LANHAM ACT, 15 U.S.C. §1114
## (KOWALSKI'S)

28. Kowalski realleges by reference the allegations contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

29. KCI is using the trademark "KOWALSKI'S" in interstate commerce without the consent of Kowalski.

30. KCI's use of the mark "KOWALSKI'S" is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of KCI's goods or as to KCI's affiliation, connection, approval or association with Kowalski.

31. KCI's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

32. KCI's trademark infringement has caused and will continue to cause Kowalski to suffer damage to its business, reputation, good will, profits, and the strength of its trademarks, and is causing ongoing irreparable harm to Kowalski for which there is no adequate remedy at law.

33. On information and belief, KCI's infringement of Kowalski's trademark is willful and deliberate.

## COUNT III

## FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE REPRESENTATION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a) (KOWALSKI'S MARKETS)

34. Kowalski realleges by reference the allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

35. KCI is using the trademark "Kowalski's Markets" in interstate commerce without the consent of Kowalski.

36. KCI's use of the mark "Kowalski's Markets" is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of KCI's goods or as to KCI's affiliation, connection, approval or association with Kowalski.

37. KCI's actions constitute unfair competition, false designation of origin, and false representation in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. KCI's unfair competition has caused and will continue to cause Kowalski to suffer damage to its business, reputation, good will, profits, and the strength of its trademarks, and is causing ongoing irreparable harm to Kowalski for which there is no adequate remedy at law.

39. On information and belief, KCI's actions constituting unfair competition, false designation of origin, and false representation are willful and deliberate.

**COUNT IV**

**FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE REPRESENTATION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a) (KOWALSKI'S)**

40. Kowalski realleges by reference the allegations contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

41. KCI is using the trademark "Kowalski's" in interstate commerce without the consent of Kowalski.

42. KCI's use of the mark "Kowalski's" is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of KCI's goods or as to KCI's affiliation, connection, approval or association with Kowalski.

43. KCI's actions constitute unfair competition, false designation of origin, and false representation in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. KCI's unfair competition has caused and will continue to cause Kowalski to suffer damage to its business, reputation, good will, profits, and the

strength of its trademarks, and is causing ongoing irreparable harm to Kowalski for which there is no adequate remedy at law.

45. On information and belief, KCI's actions constituting unfair competition, false designation of origin, and false representation are willful and deliberate.

## COUNT V

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

46. Kowalski realleges by reference the allegations contained in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

47. KCI has used and continues to use the trademarks "Kowalski's" and "Kowalski's Markets" to promote, market, or sell processed meats and salads in Minnesota.

48. KCI's use of the trademarks "Kowalski's" and "Kowalski's Markets" is likely to cause confusion, to cause mistake, and/or to deceive as to the source of origin or affiliation of KCI's goods and services.

49. KCI's actions in Minnesota constitute trademark infringement and unfair competition under the Common Law of Minnesota.

50. Kowalski has been irreparably injured, and will continue to be irreparably injured unless the conduct of KCI in Minnesota is preliminarily and permanently enjoined.

51. Upon information and belief, KCI undertook the adoption of the "Kowalski's" mark willfully or with reckless intention of trading upon the good will of Kowalski.

## COUNT VI

**VIOLATION OF MINNESOTA DECEPTIVE TRADE PRACTICES ACT MINN. STAT. § 325D.44**

52. Kowalski realleges by reference the allegations contained in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. "Kowalski's" is a trademark as defined in Minn. Stat. § 325D.43.

54. KCI's use of the trademarks "Kowalski's" and "Kowalski's Markets" is likely to cause confusion, to cause mistake, and/or to deceive as to the source of origin or affiliation of KCI's goods and services.

55. KCI's actions violate Minn. Stat. § 325D.44.

56. Upon information and belief, KCI adopted the "Kowalski's" mark willfully or with reckless intention of trading upon the good will of Kowalski.

57. As a result of KCI's conduct, Kowalski's is entitled to injunction and an award of attorney's fees under Minn. Stat. § 325D.45.

# COUNT VII

## REJECTION OF U.S. TRADEMARK APPLICATION SERIAL NO. 86/501,918

58. Kowalski realleges by reference the allegations contained in paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. KCI has applied to register the trademark "KOWALSKI'S MARKETS" for use with "retail gourmet grocery store services, excluding processed meats." The application was filed on January 13, 2015, and has been assigned serial number 86/501,918.

60. The United States Patent and Trademark Office has twice rejected the application based on a likelihood of confusion with Kowalski's Registration Nos. 1,552,132, 1,581,756 and 4,025,654.

61. This Court has authority to reject KCI's application to register the trademark KOWALSKI'S MARKETS under 15 U.S.C. § 1119 ("In any action involving a registered mark the court may determine the right to registration …").

62. Because KCI's use of the trademark KOWALSKI'S MARKETS with retail gourmet grocery store services is likely to cause confusion with Kowalski's, and Kowalski's is the senior user, the Court should order the United States Patent and Trademark Office to maintain its final rejection of KCI's trademark application.

# JURY DEMAND

63. Plaintiff Kowalski Companies, Inc. hereby demands a trial by jury on all issues so triable.

# REQUEST FOR RELIEF

WHEREFORE, Plaintiff Kowalski respectfully requests that this Honorable Court:

A. Preliminarily and permanently enjoin Defendant KCI, its agents, servants, employees, privies, successors, and assigns, and all claiming any rights through it, from importing, manufacturing, marketing or selling products under a trademark constituting trademark infringement or unfair competition against Kowalski's rights;

B. Order KCI to recall and surrender for destruction all products, advertisements, and other materials constituting trademark infringement or unfair competition against Kowalski's rights;

C. Order KCI to surrender to Kowalski its domain name www.kowalskis.com;

D. Order KCI to abandon, forfeit and/or cancel its trademark application having serial number 86/501,918 for "KOWALSKI'S MARKETS"

and any other state or federal trademark that includes the word "Kowalski" therein;

E. Order KCI to take all steps necessary to cancel any federal, state or local business registrations, including corporate name registrations and dba filings, that include Kowalski's name or marks or amend those registrations to names that do not include Kowalski's name or marks, and to remove any references to any business registrations, including corporate names and dba filings, that include Kowalski's name or marks;

F. Ordering KCI, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Kowalski within thirty (30) days after entry of the injunction a written report under oath describing in detail the manner and form in which KCI has complied with the injunction, including ceasing all offering of services under Kowalski's name and marks as set forth above;

G. Award Kowalski compensatory and exemplary damages for the Counts stated herein, including income and profits Kowalski lost and may lose in the future as a result of KCI's unlawful activities including trademark infringement and unfair competition; together with any costs;

H. Award Kowalski the profits of KCI under 15 U.S.C. §1117 for KCI's trademark infringement and unfair competition and other violations of the Lanham Act;

I. Award Kowalski any additional damages to which it is entitled for KCI's trademark infringement and unfair competition;

J. Declare this case exceptional under 15 U.S.C. § 1117;

K. Award Kowalski costs and reasonable attorneys' fees under 15 U.S.C. §1117;

L. Grant Kowalski such and other further relief that the Court deems just and equitable.

Respectfully Submitted,

Dated: March 15, 2017

s/ Lora M. Friedemann
Lora M. Friedemann (#0259615)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: 612.492.7000
lfriedemann@fredlaw.com

*Attorneys for Plaintiff*

Of Counsel:

David Simonelli
Simonelli IP, PLLC
P.O. Box 935
Birmingham, MI 48012

60935120